# State Court Documents

ELECTRONICALLY FILED - 2025 Sep 04 12:07 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0702144

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT<br><br>Jane Doe,<br><br>       Plaintiff,<br><br>vs.<br><br><br>South Carolina Department of Probation, Parole, and Pardon Services and David Shytle.<br><br>       Defendants. | IN THE COURT OF COMMON PLEAS<br><br>C/A NO: 2025-CP-<br><br><br><br>**SUMMONS**<br><br>**(JURY TRIAL DEMANDED)** |

TO THE DEFENDANTS ABOVE NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, or otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 924 Gervais Street, Columbia, SC 29201, within thirty (30) days after service hereof, except as to the United States of America, which shall have sixty (60) days, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, or otherwise appear and defend, the Plaintiff in this action will apply to the Court for the relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

                   <u>s/ Elizabeth Dalzell</u>
                   Elizabeth Dalzell
                   SC Bar #68797
                   Shealey Law Firm
                   924 Gervais Street
                   Columbia, SC 29201
                   (803) 929-0008
                   *Attorney for the Plaintiff*

Columbia, South Carolina
September 4, 2025

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT<br><br>Jane Doe,<br><br>    Plaintiff,<br><br>vs.<br><br><br>South Carolina Department of Probation, Parole, and Pardon Services and David Shytle.<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS<br><br>C/A NO: 2025-CP-<br><br><br>**COMPLAINT**<br>**(JURY TRAIL DEMANDED)** |

The Plaintiff, complaining of the Defendants above-named, would respectfully show unto this Honorable Court:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Jane Doe is a citizen and resident of the State of Texas. Plaintiff is using a pseudonym due to the sensitive nature of the subject matter of this action.

2. Defendant South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPP") is a governmental entity and political subdivision of the State of South Carolina as defined by Section 15-78-10 of the Code of Laws of South Carolina.

3. Defendant SCDPPP is responsible for the actions of its agents and employees and is the proper party as the employer of Defendant Shytle, their officers and investigators.

2

4. At all times mentioned herein Defendant Shytle was employed as an agent for Defendant SCDPPP and was acting within the scope and course of his employment. Defendant Shytle is being sued in his individual capacity under the color of state law. Additionally, during the time period in question, Officer Shytle was well aware of Plaintiff's constitutional rights, including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free from any violations of her liberty interest.

5. The Court has jurisdiction over the subject matter of this action pursuant to Article V, § 11 of the South Carolina Constitution and South Carolina Code §15-78-10; venue is proper pursuant to South Carolina Code § 15-7-30 where the events which give rise to this litigation occurred in Beaufort County, South Carolina. Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the Fourteenth Amendment of the United States Constitution and brought pursuant to 42 U.S.C. §§ 1983 & 1988 against Defendant Shytle.

### FACTUAL BACKGROUND

6. The above stated allegations are hereby incorporated as if stated herein.

7. Plaintiff received a sentence that included 5 years of probation on or around March 11, 2025, and Defendant Shytle was assigned as her probation officer.

8. As Plaintiff's probation officer, Defendant Shytle had the power and authority to enforce the criminal laws of the state of South Carolina against her and to arrest her for violating the terms of her probation.

9. Plaintiff faced a 5-year prison sentence if she violated her probation in any way.

10. On or around March 14, 2025, when Plaintiff appeared at the probation office in Beaufort, SC for processing, Defendant Shytle, while standing behind Plaintiff, removed Plaintiff's breast from underneath her dress and put his mouth on her nipple.

11. Upon information and belief another SCDPPP employee, who was working in the office at the time, was aware of some or all of Defendant Shytle's actions.

12. At the start of her probation, Plaintiff requested a transfer to Texas given that she lived there and given that her kids were there.

13. Over the next month, Defendant Shytle made quid pro quo demands to Plaintiff. At first Defendant Shytle demanded that Plaintiff give him oral sex and that he, in return, will allow her to go to Texas and make sure that she does not violate her probation.

14. Instead of officially facilitating the transfer to Texas, Defendant Shytle initially demanded that Plaintiff find people in the Beaufort area to have sex with him sayings things such as "Are you really going to hook me up with a good blowjob around here? I'll be blunt, the more you hook me up with the more I will try to do for you."

15. Soon thereafter, Defendant Shytle changed his tune and instead of demanding that Plaintiff find people to give him a blow job, he said "let's do phone conversations."

16. Defendant Shytle gave Plaintiff the option of having phone sex with him or paying him every month.

17. During the month that followed, Defendant harassed Plaintiff almost daily saying things such as "I need to ejaculate before I do this home visit"; "I'll do one [a transfer] when I know it can be slipped in …Til then keep my nuts empty girl"; "I appreciate you taking care of me …I will do my best to take care of you"; and "I can scam home visits."

18. Defendant Shytle took videos of himself masturbating in his vehicle as he demanded that Plaintiff engage in this "phone sex" and then sent the videos to Plaintiff to watch, often referring the tattoo of the ruler on his penis.

19. Defendant Shytle performed bogus home visits and, on at least one occasion falsely reported that his body worn camera battery had died.

20. Defendant Shytle actively concealed the fact that he had let Plaintiff go to Texas without an official transfer or travel pass.

21. Plaintiff, being traumatized by Defendant's Shytle's actions, contacted legal counsel on or around April 10, 2025.

22. The undersigned counsel gathered evidence of the sexual abuse and harassment and contacted counsel for Defendant SCDPPP who initially insinuated that Plaintiff was lying. Instead of counsel for Defendant SCDPPP contacting SLED or another law enforcement agency, Plaintiff and Plaintiff's counsel did so.

23. Instead of taking any action whatever to address Plaintiff's well-being, Defendant SCDPPP insisted that Plaintiff return to South Carolina and gave her a very short time to do so.

24. When Plaintiff was unable to meet the arbitrarily set deadline for her to return to South Carolina, and despite SCDPPP's ongoing communications with Plaintiff's

counsel, Defendant SCDPPP issued a warrant for Plaintiff's arrest for her so-called violations of the terms of her probation.

25. At a probation violation hearing on June 11, 2025, it was determined that Plaintiff had not violated the terms of her probation by being in Texas.

26. On or about August 28, 2025, Defendant Shytle was charged with and arrested for Assault and Battery, Second Degree, and Misconduct in Office for his assault and harassment of Plaintiff. Upon information and belief, at the same time, Defendant Shytle was also charged for assaulting and harassing other parolees.

27. Plaintiff is informed and believes that Defendant SCDPPP knew or should have known about Defendant Shytle's propensities and his conduct because of the longstanding nature of his illegal behavior and because Defendant Shytle had engaged in similar behavior with other victims.

28. The acts and omissions of Defendants violated the clearly established and well settled Federal and State Constitutional rights of Plaintiff including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free of unjustified intrusions on her personal security as protected by the Fourteenth Amendment.

**FIRST CAUSE OF ACTION**
**(Gross Negligence and Recklessness/Negligent Hiring/Negligent Supervison/ NegligentTraining – SCTA - Defendant SCDPPP)**

29. The above stated allegations are hereby incorporated as if stated herein.

30. Defendant SCDPPP was acting under the color or pretense of State law, customs, practices, usage or policy at all times mentioned herein by employing law

enforcement officers, supervisors or other such personnel and/or employees and had certain duties imposed upon it with regard to Plaintiff.

31. The above incidents and Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant SCDPPP and its employees in the following particulars:

(a) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

(b) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel, agents, officers, and/or employees;

(c) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure with regard to the hiring and evaluation of its probation officers;

(d) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure necessary to ensure that members of the public are safe and protected from physical abuse and threatening behavior;

(e) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure that would lead to the discovery of inappropriate, threatening actions by its employees and prevent the same from occurring;

(f) In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action as might be necessary to prevent inappropriate and/or threatening actions;

ELECTRONICALLY FILED - 2025 Sep 04 12:07 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0702144

(g) In failing to exercise reasonable or slight care to take appropriate time to follow up, review and/or check compliance with policy, state law and/or existing orders;

(h) In failing to exercise reasonable or slight care to take steps necessary to remove, fire and/or terminate Defendant Shytle, when they had actual and/or constructive notice of his propensities to harm females, including the Plaintiff;

(i) In failing to exercise reasonable or slight care to properly supervise Defendant Shytle;

(j) In failing to protect the Plaintiff and other citizens from Defendant Shytle, when they knew or should have known of his propensities;

(k) In failing to exercise reasonable or slight care to provide Plaintiff with proper protection from abuse (both physical and mental) at the hands of its officer when it had notice of its officer's propensities towards inappropriate and/or abusive behavior;

(l) In conducting itself in an egregious and arbitrary manner;

(m) In threatening, physically assaulting and/or abusing Plaintiff;

(n) In breaching its fiduciary duty of trust with regard to Plaintiff;

(o) In failing to follow and adhere to the local state and national standards, policies and procedures including the policies and procedures of the SCDPPP;

(p) In failing to follow and adhere to the policies and procedures of SCDPPP regarding threatening behavior;

8

(q) In engaging in a pattern and practice of allowing and/or condoning inappropriate conduct on behalf of the SCDPPP.

(r) In failing to sufficiently monitor and supervise employees of the SCDPPP and their use of body worn cameras;

(s) In failing to have the appropriate policies and procedures in place to provide adequate supervision;

(t) In failing to remedy the improper conduct and actions of its employees, including Defendant Shytle; and

(u) In failing to exercise even slight care to protect Plaintiff from harm.

32. The injuries suffered by Plaintiff at the hands of the Defendants caused and continue to cause her damages to include and not be limited to medical expenses, permanent impairment, mental anguish, and pain and suffering. Therefore, Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES.

**SECOND CAUSE OF ACTION**
**(Fourteenth Amendment Violation - Violation of Due Process– 42 U.S.C. § 1983 – Defendant Shytle)**

33. The above-mentioned allegations are hereby incorporated as if stated herein.

34. At all relevant times, Defendant Shytle acted under color or pretense of state law, customs, practices, usage or policy as a sworn agent of the SCDPPP and had certain duties imposed upon him with regard to Plaintiff. Additionally, during the time in question, Defendant Shytle was well aware of Plaintiff's constitutional rights; including her right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free of

unjustified intrusions on her personal security as protected by the Fourteenth Amendment.

35. Defendant Shytle sexually assaulted and harassed Plaintiff while she was under his supervision and while he was wearing his uniform. As such, Defendant Shytle imposed himself in such a way, as a sworn officer of the law, that Plaintiff felt intimidated, coerced, and without choice to comply with his demands. Despite Plaintiff's attempts to stop Defendant Shytle, he was ultimately able to assert physical and mental control over Plaintiff and proceeded to sexual assault and harass her.

36. Plaintiff's resulting injuries, sufferings, and damages were proximately caused by the intentional, reckless, willful, and wanton acts of Defendant Shytle.

37. As a direct result of the above actions of Defendant Shytle, Plaintiff has been injured and damaged in that she has been deprived of the rights, privileges and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to sexual assault, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of her life, thereby entitling her to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs and reasonable attorney fees.

**THIRD CAUSE OF ACTION**
**(Fourteenth Amendment Violation — Violation of Due Process - 42 U.S.C. § 1983 (Monell) – Defendant SCDPPP)**

38. Plaintiff incorporates the paragraphs above as if stated herein verbatim.

39. Plaintiff was a parolee subject to the authority of Defendant. Defendant SCDPPP took affirmative steps to restrain Plaintiff's liberty and Defendant was responsible for her safety.

40. Defendant had policies and customs of failing to monitor its agents' use of body worn camera and cell phones which allowed Defendant Shytle to assault and harass Plaintiff.

41. Defendant's policies and customs were deliberately indifferent to Plaintiff's safety which rises to the level of a violation of the Plaintiff's right to due process, to the possession and control of her own person, her Fourteenth Amendment right to bodily integrity, and to be free of unjustified intrusions on her personal security as protected by the Fourteenth Amendment as enforced through 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
(False Imprisonment)

42. The above stated allegations are hereby incorporated as if stated herein.

43. Defendant Shytle falsely imprisoned Plaintiff in that Defendant Shytle restrained Plaintiff, the restraint was intentional, and the restraint was unlawful.

44. As a result of the false imprisonment Plaintiff is entitled to an award for actual and compensatory damages.

## FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

45. The above stated allegations are hereby incorporated as if stated herein.

46. Defendant Shytle intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain such distress would result from his conduct.

47. The conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

48. Defendant Shytle's action caused the Plaintiff emotional distress.

49. The emotional distress suffered by Plaintiff was severe so that no reasonable person could be expected to endure it.

50. As a result of said intentional infliction of emotional distress, Plaintiff is entitled to an award for actual and compensatory damages.

## SIXTH CAUSE OF ACTION
### (Assault)

51. The above stated allegations are hereby incorporated as if stated herein.

52. Defendant Shytle committed assault against Plaintiff by engaging in conduct which placed Plaintiff in a reasonable fear of bodily harm.

53. As a direct and proximate result of Defendant Shytle's assault, the Plaintiff is entitled to an award for actual and compensatory damages.

## SEVENTH CAUSE OF ACTION
### (Battery)

54. The above stated allegations are hereby incorporated as if stated herein.

55. Defendant Shytle committed battery upon Plaintiff by inflicting upon him inappropriate and unwanted physical touching.

56. As a result of said battery, the Plaintiff is entitled to an award for actual and compensatory damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants both jointly and in combination thereof for ACTUAL, CONSEQUENTIAL AND PUNITIVE

ELECTRONICALLY FILED - 2025 Sep 04 12:07 PM - BEAUFORT - COMMON PLEAS - CASE#2025CP0702144

DAMAGES, costs and reasonable attorney fees. Plaintiff submits that each and every sexual assault presented different injuries and damages which contributed to the overall injuries Plaintiff suffered, as described above. Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America.

                                                *s/Elizabeth Dalzell*
                                                Elizabeth Dalzell
                                                *SC Bar No. 68797*
                                                Shealey Law Firm
                                                924 Gervais Street
                                                Columbia, SC 29201
                                                Phone: (803) 929-0008
                                                Fax: (888) 745-1381
                                                liz@shealeylaw.com
                                                *Attorney for Plaintiff*

Columbia, South Carolina
September 4, 2025

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF BEAUFORT | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>C/A NO: 2025CP0702144 |
| Jane Doe,<br>　　　　　　　　　Plaintiff(s),<br>　　vs.<br><br>South Carolina Department of Probation,<br>Parole, and Pardon Services and David<br>Shytle.,<br>　　　　　　　　　Defendant(s). | CERTIFICATE OF SERVICE |

　　I certify that on Friday September 5, 2025, I did serve South Carolina Department of Probation, Parole and Pardon Service a copy of the above-mentioned lawsuit by serving Mr. Mathew Buchannan at located at 293 Greystone Boulevard, Columbia, SC 29210

September 5, 2025

　　　　　　　　　　　　　　　　　　　Steven Harper
　　　　　　　　　　　　　　　　　　　Litigation Investigator
　　　　　　　　　　　　　　　　　　　Shealey Law Firm
　　　　　　　　　　　　　　　　　　　924 Gervais Street
　　　　　　　　　　　　　　　　　　　Columbia SC 29201

ELECTRONICALLY FILED - 2025 Sep 10 10:01 AM - BEAUFORT - COMMON PLEAS - CASE#2025CP0702144